**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 12-22958-CIV-SEITZ/SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

_____/

## ORDER DENYING MOTION TO INTERVENE

THIS MATTER is before the Court on the Motion to Intervene [DE-59], filed by

Reginald Rose and other Muslim prisoners currently incarcerated in the Florida Department of

Corrections.  The United States has filed a response [DE-66], Defendants have filed opposition

[DE-65], and Movants filed a reply [DE-69].   The United States brought this action alleging that

Defendants are in violation of the Religious Land Use and Institutionalized Persons Act of 2000

(RLUIPA)[1] because they do not serve kosher meals to those prisoners whose religious beliefs

require kosher meals.  The Muslim prisoners' (Movants) proposed complaint is a putative class

action seeking halal or, in the alternative, kosher meals for Muslim prisoners who observe halal

dietary laws.  Because the motion is untimely and the Government will adequately represent the

interests of anyone who seeks a kosher meal as a result of a religious belief, it is denied.

---

[1]This action was filed pursuant to 42 U.S.C. § 2000cc-2(f), which gives the Department
of Justice the authority to enforce compliance with § 2000cc-1 by either an action for injunctive
relief or declaratory relief on behalf of the United States who has an obligatory interest in
protecting the religious liberty of all prisoners.

**THE MOTION TO INTERVENE**

Movants seek to intervene pursuant to Federal Rule of Civil Procedure 24. Rule 24 states in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>
>> * * *
>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

Movants seek to intervene under Rule 24(a)(2) or, in the alternative, under Rule 24(b)(1)(B).

**A. Intervention of Right**

Defendants argue that Movants should not be permitted to intervene because they do not meet the requirements necessary for intervention as of right. In order to intervene as of right Movants must show: (1) their application to intervene is timely; (2) they have an interest relating to the property or transaction which is the subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) Movants' interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Defendants argue that Movants' motion is not timely, the Movants' interests do not relate to the subject of this action, denial of intervention will not prejudice the Movants, and Plaintiff, the Government, will adequately

represent whatever interest the Movants have.  As set out below, Movants cannot meet all of the requirements for intervention.

### The Government Will Adequately Represent Movants

Movants seek a halal or kosher meal for all Muslim prisoners who desire one.  The Government's complaint seeks relief for all prisoners whose religious beliefs require a kosher meal.  The relief sought by the Government is not limited to relief for Jewish prisoners only. While the complaint clearly relies on the experiences of Jewish prisoners to demonstrate the Defendants' continued denial of kosher meals, it clearly seeks relief for all prisoners whose religious beliefs require a kosher meal.  The Government has reiterated this in its Response to the Motion to Intervene [DE-66 at 3], wherein the Government states "to the extent that Muslim prisoners – or prisoners of any other faith – have a sincere religious basis for consuming a kosher diet, their claim for such a diet is represented by the United States in this litigation."  Moreover, the allegations in the Government's complaint [DE-1 at ¶¶ 2 & 14, prayer for relief] underscores that the Government is seeking to have Defendants provide kosher meals to prisoners of all faiths who have a religious basis for consuming kosher food.  Thus, while the Government does not seek exactly the same relief as Movants, the Government seeks broader relief than Movants and that broad relief encompasses the relief sought by Movants. Accordingly, the Movants' interests are adequately represented by the Government.

### The Motion to Intervene Was Untimely

Movants assert that their motion is timely.  A court considers four factors in determining timeliness: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the

extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *United States v. Jefferson County*, 720 F.2d 1511, 1316 (11th Cir. 1983). These factors weigh against finding that the Movants' motion was timely.

This action was filed on August 14, 2012. On August 16, 2012, an online news site posted an article about the suit. *See* Ex. 2 to Defendants' Response. Further, a Google search indicates that there was significant press coverage of the suit in the days following the filing of the complaint. On January 15, 2013, Movants emailed counsel in this matter about intervention. Movants' counsel states in their reply that he learned of the case in late 2012. However, the motion was not filed until May 30, 2013, more than nine months after the complaint was filed. Movants assert that they could not have filed much earlier because they first had to exhaust their administrative remedies. However, according to their reply, Movants did not even begin the administrative claims process, a process that they state requires more than two months to complete, until sometime after March 13, 2013, nearly seven months after this case had been filed. Movants do not explain their delay in starting the administrative claims process or in learning of the suit.[2]

---

[2]Movants also point to the Stay entered by the Court on January 23, 2013, which stayed this matter from January 23, 2013 until April 19, 2013, as reason for the timing of their motion. However, the existence of the Stay does not explain why Movants waited until March to begin the grievance process or why Movants did not seek to intervene in the five months prior to the Stay.

4

Movants assert that no prejudice will result from intervention. Defendants, however, argue that intervention will result in prejudice because it will complicate the resolution of the pending preliminary injunction motion. The preliminary injunction motion has been fully briefed and the Court held an evidentiary hearing on June 4 and 5, 2013. At the time of the hearing, Movants' motion was not yet ripe, having been filed just days before the hearing. Movants' proposed complaint raises several theories of recovery not addressed by the Government's complaint and not addressed at the preliminary injunction hearing. Thus, allowing intervention would further delay a resolution of this matter.[3] Movants' interests, however, will not be prejudiced because they are free to file a separate suit and because, as set out above, their interests are adequately represented by the Government.

Finally, Movants have not presented any evidence of unusual circumstances. While Movants suggest that their prior suit creates unusual circumstances weighing in favor of intervention, they have not explained why the prior suit creates unusual circumstances favoring intervention. Weighing all of the factors, the Court finds that Movants' motion is untimely.

## B. Permissive Intervention

In the alternative, Movants seek permissive intervention. However, one of the considerations for permissive intervention is whether the application is timely. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).[4] As set out above, Movants' motion is not

---

[3] Movants' proposed claims include a request for class certification under Federal Rule of Civil Procedure 23. Rule 23 class certification will raise issues that will further delay the determination of this case.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

timely.  Even if it were, the Court has discretion under Rule 24(b) to deny intervention.

Consequently, the motion to intervene pursuant to Rule 24(b) is denied.  For the reasons

discussed above, the Court will exercise its discretion and deny the motion to intervene.

Accordingly, it is

      ORDERED that the Motion to Intervene [DE-59] is DENIED.

      DONE and ORDERED in Miami, Florida, this ____6th____ day of September, 2013.

                                       PATRICIA A. SEITZ

                                       UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record