UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22958-CIV-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS
and FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO VACATE AND TERMINATE INJUNCTION

THIS MATTER is before the Court upon the parties' Joint Motion to Vacate this Court's Order and Terminate Outstanding Injunction [DE 753]. The parties seek to vacate the Court's Final Judgment and Permanent Injunction entered on August 12, 2015 [DE 548], which (1) declared that Defendant's policy of denying kosher meals to prisoners with sincere religious beliefs violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA); (2) declared that certain portions of Defendants' proposed plan for offering kosher meals to prisoners also violated RLUIPA;[1] and (3) entered the Permanent Injunction. The Injunction ordered Defendants to provide kosher meals to all prisoners with a sincere religious basis for keeping kosher, enjoined Defendants from enforcing the portions of their plan that the Court had declared in violation of RLUIPA, and set up policies and procedures for enforcing the Injunction. While it is not entirely clear from the parties' motion, it appears that they seek to vacate the entire order, not just the portion establishing the Permanent Injunction. Under the

---

[1] Specifically, the Court found that Defendants' zero tolerance policy, ten percent rule, and rules which removed prisoners from the program without an opportunity to contest removal violated RLUIPA.

Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, the parties are entitled to termination of the Injunction. However, the Court declines to vacate the entire order.

The PLRA states that "[i]n any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party" two years after the Court has granted the prospective relief. 18 U.S.C. § 3626(b)(1). Under § 3626(b)(3), a court may not terminate prospective relief if it finds that "prospective relief remains necessary to correct a current and ongoing violation of the Federal right." The Eleventh Circuit has held that "a 'current and ongoing' violation is a violation that exists at the time the district court conducts the § 3626(b)(3) inquiry, and not a potential future violation." *Cason v. Seckinger*, 231 F.3d 777, 784 (11th Cir. 2000). Thus, there is not a "current and ongoing" violation if there is only a potential for, or even a likelihood of, a future violation. *Id.* at 783. Defendant maintains, and the Government concurs, that there is no current and ongoing violation. Given that neither side argues that there is a current and ongoing violation and there is no record evidence to the contrary, and more than two years have passed since the entry of the Permanent Injunction, the Motion to Terminate the Injunction is granted.

While the Court will terminate the Permanent Injunction, it will not vacate the entire order. The parties have given the Court no reason to vacate that Declaratory Judgment portion of the order. The PLRA only addresses termination of prospective relief ordered by the Court; it does not address other forms of relief. Further, while Defendants' current Religious Diet Program policy states that it "is the policy of the Department of Corrections to afford inmates a reasonable opportunity to observe their religious diet preferences . . . within the constraints of budget limitations and . . . security," the policy does not recognize that the Department of Corrections has a legal responsibility to do so. *See* DE 753-3 at 2. Given that the declarations

2

made in the Declaratory Judgment portion of the Court's order remain accurate statements of the law, and the parties have not argued otherwise, the Court will not vacate this portion of the August 12, 2015 Final Judgment and Permanent Injunction.

Accordingly, it is

ORDERED that the parties' Joint Motion to Vacate this Court's Order and Terminate Outstanding Injunction [DE 753] is GRANTED in part and DENIED in part:

    a) The Motion to Terminate Outstanding Injunction is GRANTED. The Permanent Injunction in the Court's August 12, 2015 Final Judgment and Permanent Injunction is TERMINATED.

    b) The Motion to Vacate is DENIED.

DONE and ORDERED in Miami, Florida this 9th day of January, 2019.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record