**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 12-22958-CIV-SEITZ**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS
and FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendants.

_____/

**ORDER DENYING MOTION TO INTERVENE FOR**
**A MOTION TO VACATE ORDER TERMINATING INJUNCTION**

THIS MATTER is before the Court upon non-party Hugh Kunselman's Motion to Intervene For a Motion to Vacate "Order Granting in Part Motion to Vacate And Terminate Injunction" by Non-Party [DE 768].  As explained in detail below, because the Movant is unable to demonstrate that fraud was perpetrated against the Court as contemplated by Fed. R. Civ. P. 60, the Motion is DENIED.

I. Background

This action involves claims by Plaintiff United States against Defendant Florida Department of Corrections related to violations of the Religious Land Use and Institutionalized Person Act of 2000, 42 U.S.C. 2000cc ("RLUIPA").  The Complaint alleged that Defendant failed to provide hundreds of prisoners their requested kosher meals, thereby causing those prisoners to violate their core religious beliefs on a daily basis. [DE 1 at 1]. On August 12, 2015, this Court entered a Final Judgment and Permanent Injunction requiring, *inter alia*, Defendant to provide kosher meals to all prisoners with a sincere religious basis for keeping kosher. [DE 548 at 2].

On January 9, 2019, at the named parties' joint request, the Court terminated the Permanent Injunction.[1] [DE 756].

However, eleven months before that injunction was terminated, on February 15, 2018, Mr. Kunselman filed a "Request for Leave to File a Petition for Declaratory Statement in the Florida Department of Corrections." [DE 707]. The Court denied that request explaining that the Motion violated Local Rule 5.1, and was not capable of being read in its entirety. [DE 709]. As a result, the Court could not glean the content of Mr. Kunsleman's Motion. The Court stated that Mr. Kunselman could refile his request in a more legible fashion.

On January 14, 2020, nearly two years after obtaining permission to file a more legible request and after the Preliminary Injunction had been terminated, Mr. Kunselman, proceeding *pro se*, filed the instant Motion seeking to intervene in this action. [DE 768]. In the Motion, Mr. Kunselman states that he was on the diet (presumably kosher) in 2013, and on some later, not specified date, was told that he had not stated a religious basis for that diet. [DE 768 at 3]. He contends, again at some unspecified time, that the grievance forms for religious meal issues are not being made part of the grievance record, and that the form has too little space for an inmate to state the religious basis for the request for a religious diet. [DE 768 at 2-3]. He also states that the interviews regarding a prisoner's basis for the religious diet are not being recorded and suggests that at some unspecified time, his request for a religious diet has been wrongfully denied. [DE 768 at 3]. Finally, he contends that the Court does not have a true picture of the actual record and asserts that based upon fraud or misrepresentation, pursuant to Fed. R. Civ. P. 60, the Court should vacate its January 9, 2019 Order that terminated the Permanent Injunction.

---

[1] The Court declined to vacate the declaratory portion of the Final Judgment finding that the Parties only argued that the prospective relief portion of the injunction should be terminated. [DE 756 at 2-3]. That distinction does not alter the ruling regarding the instant motion.

II. Law and Analysis

A. Request to Intervene

As noted above, in the Motion, Mr. Kunselman seeks two types of relief. First, he seeks to intervene in this action, and second, he requests that, due to fraud or misrepresentation, the Court vacate its Order that terminated the Permanent Injunction.

The Court need not reach of the issue of whether Mr. Kunselman's request to intervene should be granted because it is clear from the Motion that he only seeks to intervene so that he may bring a Rule 60 motion seeking to have the Court's Order set aside. See *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (per curiam) (holding that nonparty did not need to intervene in order to raise issue of fraud on the court under Rule 60(b) and that a claim of fraud on the court may be raised by a non-party.) Rather, notwithstanding the general rule that only a party or party representative has standing to bring a Rule 60 motion, a non-party has the right to raise Rule 60 claims of fraud where the non-party's interests are directly affected by the final judgment. See *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (stating "a nonparty only has standing to raise a challenge of fraud on the court [under Rule 60(b)] if the nonparty's interests are directly affected by the final judgment").

Here, Mr. Kunselman alleges that he was receiving kosher meals in 2013 when the Court's injunction requiring Defendant to provide kosher meals was still in place. [DE 768 at 3]. He further alleges that the Order terminating that injunction was procured by fraud. [DE 768 at 1, 3]. Finally, construing his *pro se* filing liberally, he suggests that as a result, he has been wrongfully denied his kosher meals. Thus, the Court will accept for the purpose of addressing

this *pro se* motion, his interests as a non-party are directly affected by the challenged Order and thus assume that he has "standing" as a non-party and is entitled to seek relief under Rule 60.[2]

### B. Fraud Pursuant to Rule 60

Turning to the merits of his request to vacate the Court's Order because of fraud or misrepresentation, Movant merely asserts generally Rule 60, without denoting the applicable sub-section of Rule 60. Rule 60(b) lists several grounds to grant a movant relief from a final judgment or order.[3] Relevant here, both 60(b)(3) and 60(d)(3) address issues of fraud as a basis for that relief.

---

[2] "Standing" in this context is distinct from Article III standing. See *Bridgeport Music, Inc., v. Smith*, 714 F. 3d 932, 939 n.6 (6th Cir. 2013) (stating "Both parties contend that the other side lacks Article III standing. Framing the issue in this way, however, is potentially confusing because standing, by itself, traditionally has referred to whether a plaintiff can satisfy Article III's case-or-controversy requirement," and "Properly framed, the question in this case is whether [the movant], as a nonparty to the underlying action, qualifies for relief under Rule 60(b).") (citations omitted). *See also Estate of Shefner ex rel. Shefner v. Beraudiere*, 582 Fed. Appx. 9 (2nd Cir. 2014), stating,

> Although standing that implicates our jurisdiction under Article III must be established prior to reaching the merits, the same is not true of statutory standing. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (Statutory standing 'has nothing to do with whether there is case or controversy under Article III' and need not be resolved prior to addressing the merits). The standing issue here arises out of the statutory requirement that only 'a party or its legal representative' may seek relief pursuant to Rule 60(b). Accordingly, we bypass standing, and conclude that [Movant's] Rule 60(b) motion fails on the merits.

*Id*. at 12.

[3] Two potentially applicable sub-sections of Rule 60(b) provide:

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
. . .
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b). Rule 60 (d) provides:

Other Powers to Grant Relief. This rule does not limit a court's power to:

4

Rule 60(b)(3) provides that a court may relieve a party from a final judgment or order upon a showing of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3).[4] This relief is available to a party who proves by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). The moving party must also demonstrate the alleged conduct prevented the party from fully presenting its case. *Id*. Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978). Under this Rule, "conclusory averments of ... fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Harvin v. Healthcare Funding Solutions*, No. 10–13312, 2011 WL 396431, at *1 (11th Cir. 2011) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)).

Rule 60(d)(3), in comparison, gives a court the power to "set aside a judgment for that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner of its

---

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
(3) set aside a judgment for fraud on the court.

[4] Although Rule 60(b)(6) is a "catch-all", relief is inappropriate when the case falls into one of the other categories listed in subsections (1)–(5) of Rule 60(b). *Motes v. Couch*, 2019 WL 1219630, at *1 (11th Cir. 2019) (citing *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991)). Thus, because the Movant's requested relief falls within Rule 60(b)(3), the Movant may not obtain relief under subsection (6), the "catch-all" clause.

impartial task of adjudging cases. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978).

In this case, none of the averments in the pending Motion establish that fraud has been committed in a manner that would warrant relief under Rule 60.  Movant does not provide any specific facts that the Defendant's alleged fraudulent actions were before the entry of the Order Granting the Motion to Terminate the Injunction and prevented the Plaintiff from presenting its case fully and fairly and/or resulted in an unfairly obtained judgment as required for relief pursuant to Rule 60(b)(3). Rather, Movant makes conclusory statements about the current procedures related to qualifying for kosher meals. Similarly, Movant has not alleged facts that, if true, would rise to the level of defiling the court, or preventing the Court from preforming in the usual manner of adjudging cases, as required by Rule 60(d)(3). Simply put, the Movant has not presented any evidence, let alone clear and convincing evidence, that entitles him to relief based upon fraud in these proceedings.

In addition, to the extent, if any, that Mr. Kunselman seeks to enforce the Court's previously entered permanent injunction, that request is denied because the permanent injunction was dissolved on January 9, 2019.  See [DE 756].  Thus, there is no injunction in place that the Court could enforce.   Accordingly, it is

**ORDERED** that:

1. Non-Plaintiff Hugh Kunselman's Motion to Intervene For a Motion to Vacate "Order Granting in Part Motion to Vacate And Terminate Injunction" by Non-Party [DE 768] is **DENIED.**

6

2. Mr. Kunselman's Notice of Inquiry, which was docketed as a Motion, [DE 769] is **DENIED AS MOOT**, as this Order resolves the Motion that was the subject of that inquiry.

DONE and ORDERED in Miami, Florida this 20th day of August, 2020.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record